# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRADLEY EMMERT and
LORI EMMERT,
        Plaintiffs,

    v.                                  Case No.    09C1132

BANK OF AMERICA,
        Defendant.

## DECISION AND ORDER

      Plaintiffs Bradley and Lori Emmert bring this diversity case seeking a declaratory judgment that provisions of two mortgage loans that they entered into with Countrywide Bank subsequently acquired by defendant Bank of America are unconscionable and therefore unenforceable. Plaintiffs allege that Countrywide Bank failed to disclose significant material information about the loans, including that the interest rates were variable. Plaintiffs further allege that Countrywide Bank employed misleading tactics to induce them to enter into the loans and that the terms of the loans are confusing, one-sided and oppressive. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant now moves to dismiss the complaint.

      Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state a claim upon which relief can be granted, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). I assume the veracity of all well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows me to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 1949. In addressing defendant's motion, I may consider the allegations in the complaint and the loan documents that plaintiffs attached to the complaint. Fed. R. Civ. P. 10(c).

Defendant first contends that I lack jurisdiction because the amount in controversy does not exceed "$75,000, exclusive of interest and costs" as required by 28 U.S.C. § 1332(a). However, both of the loans are for amounts in excess of $390,000, and among other remedies, plaintiffs ask that they be cancelled. Thus, the amount in controversy exceeds the jurisdictional limit.

Defendant also argues that plaintiffs fail to allege sufficient facts to support their claim of unconscionability. The parties agree that Wisconsin law governs plaintiffs' substantive claim, and Wisconsin law recognizes both procedural and substantive unconscionability. Plaintiffs' allegations permit an inference of both types of unconscionability. Plaintiffs allege that Countrywide Bank took advantage of them by drafting the agreement, not giving them enough time to review it and failing to disclose all of its provisions. Plaintiffs also allege that the loan documents were unfair and misleading in a number of ways, including by misrepresenting the nature of the interest that they would be required to pay. Thus, plaintiffs allege enough to support an inference that defendant is liable for the conduct alleged.

Finally, defendant points out that the complaint erroneously indicates that Countrywide Bank was the lender when, in fact, it was Countrywide Home Loans, Inc. However, the loan documents indicate that Countrywide Home Loans, Inc. issued the loans, and defendant's brief suggests that it understands this. This is a technicality that can be cured by a simple amendment.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED.**

Dated at Milwaukee, Wisconsin, this 16 day of September, 2010.

/s_____
LYNN ADELMAN
District Judge